

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| RACHELLE LOGAN ABSTANCE,  §<br>    Plaintiff,  §<br>  §<br>vs.  §   Civil Action 5:24-cv-687-MGL<br>  §<br>LELAND DUDEK, *Acting Commissioner of*  §<br>*the Social Security Administration*,  §<br>    Defendant.  § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S DECISION**

    This is a Social Security appeal in which Plaintiff Rachelle Logan Abstance (Abstance) seeks judicial review of the final decision of Defendant Leland Dudek (Dudek), Acting Commissioner of the Social Security Administration, denying her claim for disability insurance benefits and supplemental security income under the Social Security Act.

    The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court affirm Dudek's decision. The Report was made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.

    The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on January 24, 2025.  To date, the parties have failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Dudek's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 20th day of February 2025, in Columbia, South Carolina.

                                                         s/ Mary Geiger Lewis
                                                         MARY GEIGER LEWIS
                                                         UNITED STATES DISTRICT JUDGE